UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSE P.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5126 RAJ

**ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her testimony and her doctor's opinions, and contends the ALJ was not constitutionally appointed. Dkt. 14. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 52 years old, has a high school education, and has worked as a receptionist, floor attendant, and case aide. Dkt. 9, Admin. Record (AR) 98, 40, 23. Plaintiff applied for benefits in March 2016. AR 99. She alleges disability as of February 20, 2016, when she broke her ankle. AR 14, 61. Plaintiff's applications were denied initially and on reconsideration. AR 117-20. After the ALJ conducted a hearing in July 2017, the ALJ issued a

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 1

decision finding Plaintiff not disabled. AR 32, 14-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: obesity, status post left ankle fracture and surgery, and lumbar spine degenerative disc disease.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform sedentary work. She cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs and perform all other postural activities. She can occasionally use foot controls with the left lower extremity. She can have occasional exposure to vibration and extreme cold.

**Step four:** Plaintiff can perform past relevant work as a receptionist, and is therefore not disabled.

**Step five:** The ALJ did not reach step five.

AR 16-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A. Plaintiff's Testimony

In an April 2016 Function Report, Plaintiff wrote that she could not sit or stand for more than ten minutes at a time. AR 312. At the July 2017 hearing, Plaintiff testified that she must elevate her ankle above waist level for three to six hours a day. AR 64. She cannot walk unassisted. AR 81. She uses a walker and cane at home, and a wheelchair when she goes out. AR 74-75. She can stand for five minutes, or ten minutes with a walker. AR 75, 79. She can sit for about 75 minutes with adjusting her posture frequently. AR 79-80. Her pain medications make her sleepy. AR 93.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony as inconsistent with successful treatment for ankle and back impairments, lack of treatment for back

impairments, her activities, and the medical record. AR 21-22. None of these were clear and convincing reasons supported by substantial evidence.

1.  **Treatment**

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, "'doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.'" *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their [impairments]' … can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)).

The ALJ found that treatment effectively controlled Plaintiff's ankle impairment because she and her providers reported improvement. AR 21 (citing AR 483, 533, 626, 834, 839, 894); AR 22 (citing AR 665, 670, 674, 810, 882). Improvement, however, does not show that Plaintiff returned to a level of function that enabled her to work or contradicted her testimony. Even in treatment notes the ALJ cited where Plaintiff reported improvement, she also reported that she still experienced pain and swelling. AR 483, 834, 839, 894. In another appointment, Plaintiff was doing well, but this was when she was restricted to "no weight bearing" on her left ankle at all. AR 627. Another note reflects that Plaintiff was "recovering well," but she was not fully recovered, as she was not even done with surgery. AR 533 ("Will need some screws removed in 2 weeks."). Treatment notes the ALJ cited also do not show a return to baseline. A treatment

provider noted "good healing, but severe swelling and limitations…." AR 882. Others noted "delayed healing." AR 665, 670, 674. This evidence does not undermine Plaintiff's disability claims. Successful treatment of her ankle impairment was not a clear and convincing reason to discount Plaintiff's testimony.[3]

The ALJ found that treatment effectively controlled Plaintiff's back impairment because she reported benefit from pain medications and trigger point injections. AR 22 (citing AR 528, 532, 661). Plaintiff stated that injections were "helpful," not that they returned her to full function. AR 528, 661. Plaintiff was "able to do daily activities using pain medication," but there is no indication that these activities reflected an ability to work, and the same treatment note reflects "worsening" back pain at a "moderate-severe" level. AR 532. This evidence does not undermine Plaintiff's disability claims. Successful treatment of her back impairment was not a clear and convincing reason to discount Plaintiff's testimony.[4]

The ALJ also discounted Plaintiff's testimony based on a "lack of treatment for her back

---

[3] The Commissioner argues that Plaintiff's ankle was successfully treated because four months after her last surgery she reported that "walking without shoes she is okay." Dkt. 19 at 3 (citing AR 897). This statement is taken out of context. The treatment note shows that Plaintiff "feels that she cannot put 'dime of pressure'" on the ankle, and that with or without shoes she had near falls and felt like the ankle was going to snap but it was "not as bad" without shoes. AR 897.
    Similarly, the Commissioner cites a treatment note stating Plaintiff was given an ankle brace "to be able to walk with more support," but fails to note that the provider suggested "eventually walking" for exercise, indicating that she could not yet walk any significant amount. AR 1043, 1059.

[4] The Commissioner argues that Plaintiff's back impairment was well controlled because she testified she could have worked until her ankle fracture in February 2016. Dkt. 19 at 3. This is a *post hoc* argument on which the Court cannot rely and, moreover, is contradicted by evidence in the record that Plaintiff's back impairments worsened after the ankle fracture. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995) (The court reviews ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); AR 533 ("back is worse secondary to ankle fracture and dificulty [sic] with ambulation"), 660 (back pain "flare secondary to wearing a boot on L foot").

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 5

condition" because she did not "seek treatment from a specialist (e.g. orthopedist, neurologist)…." AR 22. "[F]ailure to seek treatment or follow a prescribed course of treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But here, Plaintiff did seek treatment, and received fairly aggressive treatment of opioid pain medication and trigger point injections. And there is no indication that she failed to follow a prescribed course of treatment. The ALJ points to no evidence that Plaintiff's doctors recommended she seek additional treatment from specialists. Lack of treatment was not a clear and convincing reason to discount Plaintiff's testimony.

Treatment of her impairments did not provide not a clear and convincing reason to discount Plaintiff's testimony.

### 2. Activities

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited loading a dishwasher, folding clothes, shopping in stores, sewing, and going out to restaurants, bingo, and church. AR 22.[5] None of these contradict Plaintiff's testimony that she cannot stand or walk for long or sit without adjusting her posture frequently. She loads a dishwasher or folds clothes for five minutes once a week, and cannot carry the laundry or close the dishwasher herself. AR 314. She uses a motorized scooter in stores. AR 315, 79. She can only sew for about 15 minutes. AR 316. None of these activities interfere with elevating her ankle for three to six hours per day.

The ALJ also cited two vacations, to Las Vegas and to Montana. AR 22. Plaintiff

---

[5] The Commissioner does not defend activities as a reason to discount Plaintiff's testimony. *See* Dkt. 19 at 2-5.

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 6

testified that she used a wheelchair to get on the plane, and walked the aisle as needed so she did not have to sit for too long. AR 84. She was "on the scooter the whole time" in Las Vegas and "didn't have to do [any] walking." AR 72. She elevated her foot when sitting at restaurants, and returned to her room to rest and elevate as usual. AR 73. On the drive to Montana, she elevated her foot in the car, and took breaks every hour to stretch and take medicine if needed. AR 86. These vacations did not involve activities inconsistent with Plaintiff's testimony.

Plaintiff's activities were not a clear and convincing reason to discount her testimony.

### 3. Medical Evidence

"Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Mere lack of supporting medical evidence, however, "cannot form the sole basis for discounting pain testimony…." *Burch*, 400 F.3d at 681. The evidence the ALJ identified, such as "unremarkable" clinical findings, including lack of tenderness, and "successful" surgeries, merely fails to support Plaintiff's testimony. AR 21.

The ALJ noted that providers sometimes observed no swelling. AR 21. The Commissioner argues that this contradicts Plaintiff's testimony that her ankle swells after five minutes of standing and she must elevate her ankle "to treat swelling." Dkt. 19 at 4. There is no contradiction. Plaintiff did not testify that her ankle is swollen all the time. She elevates her ankle three to six hours per day to prevent, not treat, swelling. AR 74 ("I can elevate [my ankle]…, but if I don't that's when it – it just swells.").

The ALJ also pointed to evidence that Plaintiff sometimes reported low pain levels. AR 21. Plaintiff reported pain levels of 1 to 4 out of 10 at rest, and 6 out of 10 with activity. AR 837, 904, 912, 914, 916. Low levels of pain at rest do not contradict Plaintiff's testimony that

her pain increased with standing and walking, and it does not indicate that Plaintiff can perform even sedentary work for eight hours per day. *See Garrison*, 759 F.3d at 1017 ("improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace").

Conflict with the medical evidence was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony without providing a clear and convincing reason.

**B.     Alan E. Shelton, M.D.**

A treating physician's opinion is generally entitled to greater weight than an examining or nonexamining physician's opinion. *Garrison*, 759 F.3d at 1012. An ALJ may only reject the uncontradicted opinion of a treating doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

In May 2017, Plaintiff's treating physician, Dr. Shelton, filled out a Physical Assessment form, opining that Plaintiff would need to take unscheduled 30-minutes breaks "several times a day." AR 691. She could stand/walk one hour and sit four hours per day, and could lift less than 10 pounds occasionally. AR 691. She would be absent from work once or twice a month due to

her impairments or treatments. AR 692. The ALJ gave these opinions "little weight" because they were conclusory and inconsistent with Dr. Shelton's own notes and with other providers' clinical findings. AR 23.

An ALJ need not accept a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Here, however, Dr. Shelton's treatment notes are in the record. Opinions "based on significant experience with [the claimant] and supported by numerous records… were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit…." *Garrison*, 759 F.3d at 1013. The ALJ erred by rejecting Dr. Shelton's opinions as conclusory.

An ALJ may discount a doctor's opinion that is inconsistent with her own and other providers' findings. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (affirming rejection of doctor's opinion that was contradicted by her own and other medical examiners' reports).

The ALJ found Dr. Shelton's opinions "inconsistent with [his] contemporaneous treatment notes indicating she had fair control of her lumbar pain." AR 23. Dr. Shelton's notes sometimes reflected "fair" control and sometimes "poor" control of back pain. *Compare* AR 647, 812, 817 *with* AR 527, 532, 824. Pain control that was no better than fair, and was often poor, at a time when Plaintiff was not working and spent three to six hours per day reclining with her leg elevated, was not inconsistent with Dr. Shelton's evaluation that Plaintiff would require several unscheduled breaks during the day and could not stand/walk more than one hour or sit more than four hours per day.

The ALJ also found Dr. Shelton's opinions inconsistent with other providers' clinical observations of lack of swelling and tenderness, full strength and range of motion, and negative

straight leg raise test. AR 23. The ALJ did not explain how this raw medical data conflicts with Dr. Shelton's opinions. The Commissioner opines that normal extremity strength is incompatible with the restriction to lifting less than 10 pounds, and mild to no tenderness and a negative straight leg raise are incompatible with the restrictions Dr. Shelton opined. Dkt. 19 at 10. Dr. Shelton applied his medical training and expertise to interpret the raw medical data. "However, as a lay person, an ALJ [or the Commissioner] is 'simply not qualified to interpret raw medical data in functional terms.'" *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *see also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (An ALJ, "who was not qualified as a medical expert, should not have gone outside the record to medical textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition."). In addition, the strength testing the Commissioner cites was in the extremities, while the impairments Dr. Shelton evaluated were in Plaintiff's back.

The ALJ erred by rejecting Dr. Shelton's opinions as inconsistent with clinical findings.

The Court concludes the ALJ erred by rejecting Dr. Shelton's opinions without providing a specific and legitimate reason.

**C.     Scope of Remand**

In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony

or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

All three parts of this test are met here. First, the record is fully developed and no unaddressed conflicts remain. The ALJ rejected the only medical opinion in the record that conflicted with Dr. Shelton's. The ALJ gave "little weight" to the opinion of state agency nonexamining doctor Wayne Hurley, M.D., that Plaintiff could perform light work, because the medical evidence supported restriction to sedentary work. AR 22; AR 127-28. Second, as discussed throughout this order, the ALJ failed to give legally sufficient reasons to reject Dr. Shelton's opinions and Plaintiff's testimony. Third, if Dr. Shelton's opinions were credited as true, the ALJ would be required to find Plaintiff disabled on remand. A vocational expert testified that breaks exceeding 10 percent of the work day would preclude competitive employment. AR 90. "Several" 30-minute breaks would, at minimum, exceed an hour total, which is more than 10 percent of an eight-hour workday. *See* AR 691.

The only remaining question is whether the record as a whole creates serious doubt that Plaintiff is disabled. The Court concludes that the record does not create any such doubt. The record as a whole is consistent with extreme limitations that preclude work. Accordingly, the Court remands for an award of benefits.

Because the Court remands for benefits, the Court need not address Plaintiff's arguments regarding Listing 1.02 and whether the ALJ was constitutionally appointed under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). *See* Dkt. 14 at 2, 14.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an award of benefits under sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of October, 2019.

\
The Honorable Richard A. Jones
United States District Judge